IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGIONS BANK**                                                     **PLAINTIFF**

v.                                                       **CAUSE NO. 1:13CV24-LG-JCG**

**A-1 FLOORING SUPPLIES &**
**STORAGE, INC., and**
**PAUL F. BLACKWELL**
                                                                           **DEFENDANTS**

**ORDER CONFIRMING ARBITRATION AWARD AND**
**<u>ENTERING FINAL JUDGMENT</u>**

BEFORE THE COURT is Plaintiff Regions Bank's [20] Motion to Confirm Arbitration Award and Enter Judgment filed on January 2, 2015.  After due consideration of the Motion and the applicable law, the Court is of the opinion that the Motion should be granted.

A complete discussion of the underlying circumstances of this action is included in the Court's [17] Order Granting Motion to Compel Arbitration entered on March 25, 2014, and is incorporated herein by reference.  After the Court granted the Motion to Compel Arbitration filed by Defendant, an arbitration was conducted on October 28, 2014.  The arbitration resulted in an Award entered on November 7, 2014 in favor of Plaintiff and against Defendants jointly and severally in the amount of $103,858.59.  (Award, ECF No. 20-4).  Plaintiff now requests, pursuant to the provisions of the Federal Arbitration Act (FAA), that the Court enter an Order confirming the Arbitration Award and entering judgment thereon.

Under the FAA,

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

The Court may vacate an arbitrator's award in the following limited circumstances set forth in section 10:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrator;
>
> (3) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *see also 21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014) (courts "limit review of arbitration awards to give deference to the decisions of the arbitrator"). Similarly, the Court may only modify or correct an award under section 11:

> (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (2) where the arbitrator has awarded upon a matter not submitted to him, unless it is a matter not affecting the merits of the decision upon the matter

submitted; or

(3) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. It is Defendants' burden to show that the arbitration award should not be enforced on one or more of these grounds. *See 21st Fin. Servs.*, 747 F.3d at 336; *see also Parker v. J C Penney Corp., Inc.*, 426 F. App'x 285, 288 (5th Cir. 2011).

The parties have agreed in the applicable arbitration agreement (attached to the Motion) that this Court may enter judgment on the Arbitration Award, and the Court otherwise has jurisdiction to enter a judgment on the Award. *See* 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."). Furthermore, Plaintiff's request is timely, coming within one year of the Award. Moreover, to date, Defendants have not moved the Court to vacate, modify, or correct the Award, and have not filed any opposition to Plaintiff's Motion. And, the Court is of the opinion that there are no grounds to vacate, modify, or correct the Award under 9 U.S.C. §§ 10 or 11. Accordingly, pursuant to 9 U.S.C. § 9 and the arbitration agreement between the parties, the Court will enter judgment on the Arbitrator's Award.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Regions Bank's [20] Motion to Confirm Arbitration Award and Enter Judgment is **GRANTED**. Regions Bank is entitled to recover $103,858.59 jointly and severally from Defendants as provided in the Arbitration Award entered on November 7,

2014.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE